**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE**

———————————————————— x

NORMA ROMERO

Plaintiff,                                                    Index No. EF005801-2021

-against-

WALMART INC., WAL-MART ASSOCIATES, INC.,
and WAL-MART STORES EAST, LP,

Defendants.

———————————————————— x

**NOTICE OF ELECTRONIC FILING**

**You have received this Notice because:**

- The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts e-filing system, and
- You are a Defendant/Respondent (a party) in this case.
 (CPLR § 2111, Uniform Rule § 202.5-bb)

**If you are represented by an attorney:** give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

**If you are not represented by an attorney: you are not required to e-file. You may serve and file documents in paper form and you must be served with documents in paper form. However, as a party without an attorney, you may participate in e-filing.**

**Benefits of E-Filing**

You can:

- serve and file your documents electronically
- view your case file on-line
- limit your number of trips to the courthouse
- pay any court fees on-line.

There are no additional fees to e-file, view, or print your case records.

To sign up for e-filing or for more information about how e-filing works, you may:

- visit: www.nycourts.gov/efile-unrepresented or
- go to the Help Center or Clerk's Office at the court where the case was filed. To find legal information to help you represent yourself visit www.nycourthelp.gov

Page 1 of 2                                                                                                   EFM-1

**Information for Attorneys**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site https://iapps.courts.state.ny.us/nyscef/HomePage; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: August 18, 2021

Evan M. Foulke, Esq.
FOULKE LAW FIRM
Attorneys for Plaintiff
55 Main Street
Goshen, New York 10924
Phone: (845) 294-4308
Email: Foulke@foulkelaw.com

To:  Walmart Inc.
     288 Larkin Drive
     Monroe, NY 10950

     Wal-Mart Associates, Inc.
     288 Larkin Drive
     Monroe, NY 10950

     Wal-Mart Stores East, LP
     288 Larkin Drive
     Monroe, NY 10950

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

_____

NORMA ROMERO,

           Plaintiff(s),

-against-

WALMART INC., WAL-MART ASSOCIATES, INC.,
and WAL-MART STORES EAST, LP,

           Defendant(s).
_____

**SUMMONS**

Index No.:
Date Purchased: 8/18/21

Plaintiff designates Orange County
as the place of trial.

The basis of the venue is
Location of accident

To the above-named Defendant(s)

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Goshen, New York
August 18, 2021

FOULKE LAW FIRM

By: _s/Evan M. Foulke_
    Evan M. Foulke, Esq.
    Attorney for Plaintiff
    55 Main Street, 2nd Floor
    Goshen, New York 10924
    (845) 294-4308

**Defendants' Address:**

Walmart Inc.
288 Larkin Drive
Monroe, NY 10950

Wal-Mart Associates, Inc.
288 Larkin Drive
Monroe, NY 10950

Wal-Mart Stores East, LP
288 Larkin Drive
Monroe, NY 10950

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
_____

NORMA ROMERO,                                                         Index No.

              Plaintiffs,                                         **COMPLAINT**

-against-

WALMART INC., WAL-MART ASSOCIATES, INC.,
and WAL-MART STORES EAST, LP,

              Defendants.
_____

Plaintiff, Norma Romero, by her attorneys, Foulke Law Firm, as and for her Complaint, alleges as follows:

1. At all times mentioned herein, the plaintiff Norma Romero was and is a resident of the County of Westchester and State of New York.

2. Upon information and belief and at all times hereinafter mentioned, defendant Walmart Inc. ("Walmart") is a multinational foreign retail corporation duly organized and existing under the laws of another state with a retail store for business located in the County of Orange and State of New York.

3. Upon information and belief and at all times hereinafter mentioned, defendant Wal-Mart Associates, Inc. ("Wal-Mart Associates") is a multinational foreign retail corporation duly organized and existing under the laws of another state with a retail store for business located in the County of Orange and State of New York.

4. Upon information and belief and at all times hereinafter mentioned, defendant Wal-Mart Stores East, LP ("Wal-Mart Stores") is a multinational foreign retail corporation duly organized and existing under the laws of another state with a retail store for business located in the County of Orange and State of New York.

5. Upon information and belief, Walmart was the owner of certain premises known as Wal-Mart Supercenter Store # 2637 located at 288 Larkin Drive, Monroe, State of New York, County of Orange (the "premises").

6. Upon information and belief, Walmart operated the premises.

7. Upon information and belief, Walmart controlled the premises.

8. Upon information and belief, Walmart maintained the premises.

9. Upon information and belief, Wal-Mart Associates operated the premises.

10. Upon information and belief, Wal-Mart Associates controlled the premises.

11. Upon information and belief, Wal-Mart Associates maintained the premises.

12. Upon information and belief, Wal-Mart Stores operated the premises.

13. Upon information and belief, Wal-Mart Stores controlled the premises.

14. Upon information and belief, Wal-Mart Stores maintained the premises.

## AS AND FOR A FIRST CAUSE OF ACTION

15. On or about June 6, 2021, and for a period of time prior thereto, the ice machine on the Premises was maintained in dangerous, defective, unsafe, and trap-like condition.

2

16. On or about June 6, 2021, Walmart, Wal-Mart Associates, and/or Wal-Mart Store by their employees, carelessly allowed water to puddle on the floor which water came from the ice machine on the Premises subjecting visitors, such as plaintiff, to the danger of tripping and falling.

17. That on June 6, 2021 the plaintiff Norma Romero was caused to slip and fall upon the premises as a result of water on the floor near the ice machine and emanating from the ice machine, which water was carelessly and recklessly allowed to remain on the floor by Walmart employees.

18. That the premises, and more particularly, the area inside the store near the ice machine was maintained and controlled in such a careless, reckless, improper and negligent manner, that said entrance way could not provide for safe and proper pedestrian traffic.

19. That the defendants, their agents, servants and/or employees were negligent, reckless and careless in, among other things, allowing, causing and/or permitting dangerous hazardous and unsafe conditions to exist on said premises, in allowing water to exist on the floor near the ice machine; in failing to clean up the water on the floor near the ice machine after hazard of same was brought to defendant's attention; in failing to provide reasonable and timely warnings of the condition of the area of the store near the ice machine to those persons, including the plaintiff, who would reasonable be expected to come upon the premises; in failing to act promptly to remove a hazardous condition once knowledge of its existence was brought to the defendant's attention; in failing to make a reasonable provision and arrangements to clean up the water on the floor near the ice machine upon the premises to which the public in general, including the plaintiff, would reasonably be expected to come upon the premises; in creating a dangerous condition by carelessly leaving water on the floor near the ice

3

machine in a store aisle; and in failing to exercise that degree of caution, prudence and care required by the circumstances.

20. That the defendant had actual and/or constructive notice of the dangerous and defective condition in that the condition existed for a sufficient length of time prior to the happening of the within accident whereby in the exercise of reasonable care, the defendant could have and should have had knowledge and notice thereof and further, and in that the defendants created said condition.

21. That by reason of the foregoing, the plaintiff Norma Romero was caused to sustain severe and painful injuries to her mind and body, and to the extent that she was rendered sick, sore, lame and disabled, suffered and continues to suffer pain discomfort therefrom, and, upon information and belief, will continue to suffer great bodily pain and mental anguish on into the future.

22. That by reason of the foregoing, the plaintiff Norma Romero has become obligated to diverse sums of money for her medical care in an effort to cure and alleviate her pain, suffering and disability, and, upon information and belief, will continue to incur said expenses on into the future.

23. That by reason of the foregoing, the plaintiff Norma Romero has sustained disability, limitation of her activities, depression and loss in the quality of her life, and that she will continue to sustain and suffer said losses and damages on into the future.

24. That his action falls within one or more of the exceptions set forth in CPLR 1602.

25. That by reason of the foregoing, the plaintiff Norma Romero has been damaged in a sum to be determined by a jury at time of trial.

4

WHEREFORE, plaintiffs demand judgment as follows:

(a) On the first cause of action in favor of the plaintiff Norma Romero in a sum to be determined by a jury at time of trial; and

(b) All of the foregoing with such interests, costs and disbursements as appropriate to the action.

Dated: Goshen, New York
August 18, 2021

FOULKE LAW FIRM

By: _s/ Evan M. Foulke_
Evan M. Foulke, Esq.
Attorney for Plaintiffs
55 Main Street
Goshen, New York 10924
(845) 294-4308

TO: Walmart Inc.
288 Larkin Drive
Monroe, NY 10950

Wal-Mart Associates, Inc.
288 Larkin Drive
Monroe, NY 10950

Wal-Mart Stores East, LP
288 Larkin Drive
Monroe, NY 10950

5