UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORMA ROMERO,

                Plaintiff,

-against-

WAL-MART STORES EAST, LP,

                Defendant.

**ORDER**

22-CV-02364 (PMH)

PHILIP M. HALPERN, United States District Judge:

On March 23, 2022, Wal-Mart Stores East, LP ("Defendant") filed a Notice of Removal intending to remove this action from the Supreme Court of the State of New York, County of Orange, to this Court. (Doc. 4, "Not. of Removal;" Doc. 4-1, "Compl.").

For the reasons below, this matter is REMANDED to the Supreme Court of the State of New York, County of Orange.

## BACKGROUND

On or about August 21, 2021, Norma Romero ("Plaintiff") filed a Complaint commencing this action against Defendant in the Supreme Court of the State of New York, County of Orange. (Not. of Removal ¶ 1; *see generally* Compl.). Plaintiff alleges that she was injured after slipping on water that had dripped out of an ice machine on Defendant's property in Monroe, New York. (Compl. ¶¶ 5, 15-23). Plaintiff made no demand as to the damages sought. (*See generally id.*). Annexed to the Notice of Removal are copies of: (1) the Complaint; (2) the Verified Answer; (3) the Demand for Verified Bill of Particulars; (4) the Combined Demands of Defendant; (5) the Notice to Take Deposition Upon Oral Examination; (6) the Demand for Authorizations; (6) the Refusal of Service by Electronic Means; (7) the Demands for Documents and Other Discovery; (8) the Notice of Intent to Conduct a Physical and/or Psychological Examination; (9) the Demand

for Authorizations from Prior or Subsequent Injuries; (10) the Demand Pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007; (11) the Notice to Preserve Electronic Evidence; and (12) the Demand for Authorizations to Permit Interview of Treating Physician by Defense Counsel. (Doc. 4-2; Doc. 4-3). Defendant did not, however, attach copies of any responses to its discovery demands.

Defendant claims that this Court has subject-matter jurisdiction over this dispute because "[t]he amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and" complete diversity between the parties exists. (Not. of Removal ¶ 3).

## ANALYSIS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "[T]he Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While a defendant need not "prove the amount in controversy to an absolute certainty," it has "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id*. (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal

courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id*. (quoting *Lupo*, 28 F.3d at 273-74).[1]

Here, Defendant does not attach to its Notice of Removal any of Plaintiff's responses to its discovery demands. Rather, Defendant represents that, "[o]n February 23, 2022, plaintiff's counsel conveyed a response to defendant's CPLR 3017(c) demand in the amount of $300,000.00." (Not. of Removal ¶ 3). Defendant has not, however, furnished a copy of that response to the Court. Nor do any of the other documents attached to the Notice of Removal mention the damages that Plaintiff seeks. This Court, although not required to do so, has undertaken to review the electronic docket in the state court proceeding. That docket is similarly devoid of any written indication as to the amount in controversy. (*See* Index No. EF005801-2021, NYSCEF Doc. Nos. 1-16).

As this Court is required to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)), Defendant's claim that the amount in controversy exceeds $75,000—in the absence of any supporting information or documentation—is insufficient for the Court to determine by a preponderance of the evidence that the jurisdictional threshold of 28 U.S.C. § 1332(a) has been met. *See, e.g.*, *Sigma Equip. Corp. v. Rocky Mountain Body Works & Co.*, No. 22-CV-02164, 2022 WL 831822, at *2 (S.D.N.Y. Mar. 21, 2022) (remanding case to state court because, although the plaintiff demanded damages "believed to exceed $75,000" on a quasi-contract claim, it provided no factual basis to establish that threshold); *Conley v. Thompson*, No. 22-CV-00328, 2022 WL 142069, at *2 (S.D.N.Y. Jan. 14, 2022) (remanding case to state court where the defendant relied on the plaintiff's response to the bill of particulars that was not attached

---

[1] "[C]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)); *see also* Fed. R. Civ. P. 12(h)(3).

to the notice of removal); *Torres v. Merriman*, No. 20-CV-03034, 2020 WL 1910494, at *2 (S.D.N.Y. Apr. 17, 2020) ("[A] mere conclusory statement that the amount in controversy exceeds $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdiction threshold of 28 U.S.C. § 1332(a) has been met."); *Crane Equip. & Servs., Inc. v. B.E.T. Const., Inc.*, No. 14-CV-01755, 2015 WL 471323, at *2 (W.D.N.Y. Feb. 4, 2015) (granting motion for remand where "Defendant's Notice of Removal conclusively states that the amount in controversy is '[m]ore than $75,000' without any further clarification" (alteration in original)); *Villafana*, 2013 WL 2367792, at *2 (explaining that "a 'mere averment'" is insufficient to satisfy the burden of establishing the amount in controversy (quoting *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)).

Based upon the foregoing, the Court concludes that Defendant failed to satisfy its burden of establishing that the amount in controversy exceeds $75,000. Removal is therefore improper. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Orange. The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Orange, and to close this action. All pending matters are hereby terminated.

SO ORDERED:

Dated: White Plains, New York
       March 28, 2022

_____
PHILIP M. HALPERN
United States District Judge